United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                   Case No. 15-15890-amc
Lystra Lewis-Simon                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore          Page 1 of 1          Date Rcvd: Aug 26, 2019
                              Form ID: pdf900         Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 28, 2019.
db             +Lystra Lewis-Simon,    7068 Greenwood Avenue,    Upper Darby, PA 19082-5320

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Aug 27 2019 03:03:50      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 27 2019 03:03:38
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 27 2019 03:03:46      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 26, 2019 at the address(es) listed below:
              GEORGETTE  MILLER    on behalf of Debtor Lystra  Lewis-Simon info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;smithcr50524@notify.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemillerlaw.com
              KEVIN G. MCDONALD    on behalf of Creditor   PNC BANK NATIONAL  ASSOCIATION bkgroup@kmllawgroup.com
              NICOLE B. LABLETTA    on behalf of Creditor   PNC Bank, National Association
               nlabletta@pincuslaw.com,    brausch@pincuslaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lystra Lewis-Simon <br> Debtor <br><br> PNC BANK NATIONAL ASSOCIATION <br> Movant <br> vs. <br><br> Lystra Lewis-Simon <br> Debtor(s) <br><br> William C. Miller Esq. <br> Trustee | CHAPTER 13 <br><br> NO. 15-15890 AMC <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $1,527.36, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2019 at $744.00/month |
| Suspense Balance: | $247.64 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Total Post-Petition Arrears | $1,527.36 |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on September 1, 2019 and continuing through February 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $744.00 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $254.56 towards the arrearages on or before the last day of each month at the address below;

PNC BANK, N.A.
3232 NEWMARK DRIVE
MIAMISBURG, OH 45342

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 16, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 8/26/19

Georgette Miller, Esquire
Attorney for Debtor

Date: 8-21-19

JAC/C William C. Miller, Esquire
Chapter 13 Trustee

No objection

Approved by the Court this 26th day of August, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan